**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JARVIS LAMAR POSTLEWAITE,** | ) | |
| **# R-25461,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-839-MJR** |
| | ) | |
| **WARDEN STEPHEN DUNCAN,** | ) | |
| **WARDEN TREDWAY,** | ) | |
| **and MEDICAL DEPARTMENT of** | ) | |
| **LAWRENCE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

Plaintiff is currently incarcerated at Lawrence Correctional Center ("Lawrence"), and brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for several alleged constitutional violations. He claims that he has been denied personal hygiene items, and consequently has developed a serious infection that the prison medical department staff has refused to treat. Along with the complaint, Plaintiff has filed an "Order to Show Cause for a Preliminary Injunction" (Doc. 4), which the Court construes as a motion for preliminary injunction.

### <u>The Complaint</u>

Plaintiff begins his narrative by noting he was found guilty of a minor disciplinary infraction on May 31, 2014, and was punished with one month of commissary restriction (Doc. 1, p. 2; Doc. 1-1). He asserts that inmates on such restriction are still permitted to buy $15.00 of hygiene products once per month. However, an unidentified official did not allow Plaintiff to go

to commissary on June 7 when other inmates on his unit were called out to shop.

On June 13, 2014, Plaintiff wrote an emergency grievance to Defendant Warden Duncan, complaining that he had no soap, toothpaste, toothbrush, or razors and had been without those items for 13 days (Doc. 1, p. 2-3; Doc. 1-2). Defendant Duncan deemed the grievance non-emergency and Plaintiff was told to submit it through regular channels. Plaintiff did so, but as of the date his complaint was placed in the mail (July 18), he had still not been allowed to purchase any hygiene items, nor was he provided any. He claims he now has been without these items "for months" (Doc. 1, p. 3).

On June 27, 2014, Plaintiff wrote another emergency grievance to Defendant Duncan (Doc. 1-3), stating that because of the lack of soap and inability to clean himself, he had developed a painful infection and boil on his genitals. He did not complain that he had been denied medical care, but stated "I've got to go see Medical Health Care Unit" about his condition (Doc. 1-3, p. 2). Defendant Duncan found this grievance to also be non-emergency.

Plaintiff turned next to Defendant Tredway (an assistant warden who oversees health care). His letter informed her that he had been writing to the health care unit since June 27, 2014, seeking medical care for the open wound that was bleeding, discharging pus, and refusing to heal. However, he had not been given any treatment for the infection (Doc. 1-4, p. 1). Plaintiff does not indicate the date of his letter to Defendant Tredway.

Plaintiff includes a detailed log of his attempts to seek medical care from the Lawrence Medical Department and several individual health care staff (Doc. 1-4, pp. 3-7). Beginning on June 27, 2014, Plaintiff turned in written requests for treatment every day, and made frequent verbal requests for help to the nurses who brought him his twice-daily medication for a mental health condition. However, as of the date of his complaint (three weeks after his

initial request), Plaintiff had still never been examined or treated for the infection on his penis.

According to Plaintiff's log, he wrote a request for treatment to Medical Director John Coe on June 28. During a hearing before this Court on June 30, 2014, on another case,[1] Dr. Coe stated that Plaintiff had a medical appointment set for July 3 (Doc. 1-4, p. 4). However, Plaintiff was not seen on that date. He continued to submit request slips while the infection worsened and became more painful. On July 8, Nurse Baker told Plaintiff his July 3 appointment would be rescheduled. On July 9, Plaintiff saw Dr. Coe for treatment of the ear infection which was the subject of his earlier lawsuit, at which time Plaintiff again requested treatment for the infection on his private part. Dr. Coe stated he was only there for the ear infection and Plaintiff would have to fill out a request slip for any other problem (Doc. 1-4, p. 5).

By July 12, Plaintiff was in so much pain that he could barely walk from his bed to the cell door to get his breakfast tray. He was running a fever, feeling dizzy, and vomited twice. On July 13 (a Sunday), Nurse Reed came to Plaintiff's cell and asked him about his infection. He explained his symptoms, and she gave him Motrin and told him he would be seen on Tuesday. The next day (July 14), Plaintiff received a slip from the Health Care Unit for a (Tuesday) July 15 appointment, which he signed and returned (Doc. 1-4, p. 6). However, on July 15, his pass was canceled because health care could not work him in. Plaintiff sent another request, and asked for a crisis team in an effort to get treatment, but still got no medical attention for the increasingly painful genital infection.

Plaintiff asserts a Fourteenth Amendment procedural due process claim against Defendants Duncan and Tredway for failing to remedy his complaints through the grievance

---

[1] *Postlewaite v. Cole*, Case No. 14-cv-717-NJR-DGW (S.D. Ill. filed June 20, 2014). While the Defendant's name in that case is spelled "Cole," he is described as the Lawrence Medical Director. That reference as well as Plaintiff's description of events make it clear that Dr. "Cole" in the first suit is the same individual referred to herein as "Dr. Coe."

procedure (Doc. 1, p. 4).  He also raises an Eighth Amendment claim against them for deliberate indifference to his needs for medical care and personal hygiene/sanitation.  Finally, he asserts that the Lawrence Medical Staff have collectively been deliberately indifferent to his serious medical needs.  He seeks a preliminary and permanent injunction requiring Defendants to provide him with proper medical treatment, as well as declaratory relief and damages (Doc. 1, p. 5).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

**Count 1:**  Eighth Amendment deliberate indifference claim against Defendant Tredway for failing to address Plaintiff's complaint that his repeated requests for medical treatment had been ignored by health care staff;

**Count 2:**  Eighth Amendment deliberate indifference claim against Dr. John Coe[2] and Unknown (John/Jane Doe) Medical Department Staff[3] for their

---

[2] Although Plaintiff did not specifically name Dr. John Coe as a Defendant in the complaint, he is one of the individuals who work for the named Defendant "Medical Department of Lawrence."  More importantly, Plaintiff's factual allegations show that Dr. Coe was personally involved in providing (or failing to provide) treatment to Plaintiff.  Thus, the Clerk shall be directed to add Dr. Coe as an individual Defendant in this action.

[3] Neither a prison itself nor an administrative department within a prison (such as the "Medical Department of Lawrence") may be sued for damages under § 1983.  The Eleventh Amendment prevents such a suit in federal court against a state or its agencies, such as the Department of Corrections or its prisons.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same).  Plaintiff may, however, seek damages against the individual medical providers who allegedly denied him care, thus the Court will construe his claim as against these as-yet-unidentified individuals (John/Jane Does).

failure to provide any examination or treatment for Plaintiff's serious genital infection, despite his daily requests for help.

In addition, Plaintiff's motion for preliminary injunction seeking medical treatment (Doc. 4) shall be referred to the United States Magistrate for prompt consideration.

However, Plaintiff's allegations fail to suggest that Defendant Duncan was deliberately indifferent to his medical needs (**Count 3**).  Further, the complaint does not state a claim that any named Defendant was deliberately indifferent to Plaintiff's need for hygiene products for personal cleanliness (**Count 4**).  Finally, Plaintiff cannot maintain a due process claim against Defendant Duncan or Defendant Tredway for their failure to respond to his grievances (**Count 5**).  Counts 3-5 shall therefore be dismissed.

Although Plaintiff has failed to state any substantive claim against Defendant Duncan, he shall remain as a party to this action because Plaintiff is seeking injunctive relief.  As the Lawrence Warden, Defendant Duncan would be responsible for implementing any injunctive relief to which Plaintiff may ultimately be entitled if he should prevail.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

**<u>Dismissal of Count 3 – Deliberate Indifference to Medical Needs/Defendant Duncan</u>**

In order to establish deliberate indifference to a serious medical need, a plaintiff must show that a prison official acted or failed to act despite his knowledge of a serious risk of harm.  *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).  Plaintiff's first emergency grievance directed to Defendant Duncan stated only general concerns about his personal hygiene due to his inability to obtain soap and other necessities.  It did not mention that Plaintiff suffered from any medical problem at that time (June 13, 2014), serious or otherwise.  Plaintiff's second emergency grievance did tell Defendant Duncan that he had a painful infection and boil for which he

intended to seek medical attention.  This grievance did not indicate that Plaintiff had been denied medical care, thus it did not put Defendant Duncan on notice that Plaintiff had a serious medical need that had not been addressed.  In fact, Plaintiff states that his first request to the Health Care Unit was made on the same date (June 27, 2014) as that emergency grievance.

If a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).  In contrast, a prison official may be found to be deliberately indifferent to a prisoner's serious medical needs if "they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner."  *Hayes v. Snyder,* 546 F.3d 516, 527 (7th Cir. 2008); *see also Reed v. McBride,* 178 F.3d 849, 854-56 (7th Cir. 1999) (warden was required to act when prison officials repeatedly denied an inmate life-sustaining medication and food).  Where a plaintiff informs prison officials that he is being denied access to health care, those officials may be liable under 42 U.S.C. § 1983 for their inaction.  For this reason, the claim against Defendant Tredway (Count 1) shall proceed at this time, in order to determine whether her lack of response to Plaintiff's letter complaining about ongoing denial of medical care rose to the level of unconstitutional deliberate indifference.

However, based on Plaintiff's communication to Defendant Duncan, he could reasonably assume that Plaintiff's medical condition would be treated in due course.  Defendant Duncan's action to refer Plaintiff to the regular grievance process did not amount to deliberate indifference.  **Count 3** shall thus be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Dismissal of Count 4 – Deliberate Indifference/Hygiene Products**

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Plaintiff does not name the individual(s) who prevented him from going to the commissary on June 7, when he would have purchased the hygiene supplies that he lacked. Nor is there any indication that the responsible prison official was aware that Plaintiff did not have soap or other items necessary for basic cleanliness or that his health might be at risk.

Plaintiff might have a cognizable claim against the person(s) who denied him access to basic hygiene items, but it is clear that neither Defendant Duncan nor Defendant Tredway was personally responsible for that decision. Instead, Defendant Duncan's involvement was limited to review of Plaintiff's grievances complaining about the actions of other unnamed staff. This does not constitute the "personal responsibility" necessary for liability to attach in a civil rights action. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). As for Defendant Tredway, it does not appear that she even reviewed a single grievance regarding the hygiene supplies; Plaintiff appears to hold her responsible based upon her general job description (Doc. 1, p. 4). This, however, will not suffice – the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville*, 266 F.3d at 740.

For these reasons, Plaintiff's claim for deliberate indifference to his need for hygiene products sufficient to maintain basic personal cleanliness and health shall be dismissed without prejudice. However, this claim shall be dismissed *with* prejudice as against Defendants Duncan and Tredway.

**Dismissal of Count 5 – Due Process**

   The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Thus, any failure to investigate Plaintiff's grievances, or any other action or inaction with regard to the grievance procedure on the part of Defendants Duncan or Tredway will not support an independent due process claim.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli*, 81 F.3d at 1430.  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

   As noted above, at this stage of the litigation, Plaintiff has sufficiently stated an *Eighth Amendment* deliberate indifference claim against Defendant Tredway based upon her failure to act after Plaintiff notified her that the medical staff were not responding to his repeated pleas for medical care (Count 1).  This claim is distinct from the Fourteenth Amendment claim Plaintiff seeks to pursue.  Defendants Tredway and Duncan had no constitutional duty to follow the prison's grievance procedure, and their failure to do so does not give rise to a due process claim.  Accordingly, Count 5 shall be dismissed with prejudice.

**Pending Motions**

   Plaintiff's motion for recruitment of counsel (Doc. 2) and motion for preliminary injunction (Doc. 4) shall be referred to the United States Magistrate Judge for further

consideration.  The Magistrate Judge shall resolve the request for injunctive relief (Doc. 4) as soon as practicable.

The motion for leave to proceed *in forma pauperis* (Doc. 3) shall be addressed in a separate order.

**Disposition**

The Clerk is **DIRECTED** to add **Dr. John Coe** as a Defendant in this action. Defendant **"Medical Department of Lawrence"** is **DISMISSED** from the action, and the Clerk is **DIRECTED** to add **Unknown (John/Jane Doe) Medical Department Staff** as a Defendant.

**COUNTS 3 and 5** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, but is dismissed **with** prejudice as against **Defendants Duncan and Tredway**.

As to the remaining **COUNTS 1 and 2,** and the pending motion for preliminary injunction (Doc. 4), the Clerk of Court shall prepare for Defendants **DUNCAN, TREDWAY,** and **COE**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, a copy of the motion for preliminary injunction (Doc. 4), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John/Jane Doe) Medical Department

Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.  Due to Plaintiff's allegations that he has been suffering from a serious untreated infection for several weeks, Magistrate Judge Williams shall resolve the request for injunctive relief (Doc. 4) as soon as practicable.  The pending motion for recruitment of counsel (Doc. 2) shall also be addressed by Magistrate Judge Williams.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding any grant of his application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 28, 2014**

s/ MICHAEL J. REAGAN
United States District Judge